**United States District Court**
**Middle District of Florida**
**Orlando Division**

IN RE:

RECOTON CORPORATION                    **Case no. 6:03-cv-734-Orl-28KRS**
SECURITIES LITIGATION

_____

Consolidated case numbers:

| | | |
|---|---|---|
| 6:03-cv-836-ORL-28KRS | 6:03-cv-884-ORL-28KRS | 6:03-cv-946-ORL-28KRS |
| 6:03-cv-861-ORL-28KRS | 6:03-cv-862-ORL-28KRS | |

_____
ORDER

    This cause came on for consideration without oral argument on the following motion

filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY (Doc. No. 160)** |
| **FILED:** | **January 5, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.  PROCEDURAL HISTORY.

    On April 1, 2005, certain purchasers of common stock in Recoton Corporation

(collectively "the plaintiffs") filed a Second Amended Consolidated Class Action Complaint

in this Court against Arnold Kezsbon and Robert L. Borchardt (collectively "the defendants"),

alleging violations of the Securities Exchange Act of 1934.  Doc. No. 140.[1]  Thereafter, in

_____

    [1] Kezsbon and Borchardt are present and/or former officers of Recoton.  Doc. No. 140 at 3.

May 2005, the defendants filed a motion to dismiss the suit.  Doc. No. 144.  The motion to dismiss is currently pending before the Court.

In the present motion, the plaintiffs move the Court for an order lifting the automatic stay of discovery imposed in this matter pursuant to the Private Securities Litigation Reform Act of 1995 (the "Act") in order to obtain discovery materials previously produced in the Recoton bankruptcy litigation, discussed below.  Doc. No. 160.  The defendants oppose the relief requested.  Doc. No. 161.

## II.   STANDARD OF REVIEW.

The Act provides, in relevant part, as follows:

> In any private [securities class] action [lawsuit]. . . , all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u4(b)(3)(B).

As a corollary to this provision, Congress placed a contemporaneous duty on all parties to preserve all relevant evidence "as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure."  15 U.S.C. § 78u4(b)(3)(c).  A party aggrieved by a violation of this provision may petition the court for an order awarding appropriate sanctions.  *Id*.

One of the purposes Congress sought to achieve when enacting the Act was to minimize the incentives for plaintiffs to use the discovery process to search for some sustainable claim not alleged in the complaint.  *In re Lernout & Hauspie Sec. Litig.,* 214 F.

Supp. 2d 100, 106 (D. Mass. 2002).   Indeed, the legislative history underlying the Act

speaks directly to this issue:

> [T]he Committee has determined that discovery should be permitted in
> securities class actions only after the court has sustained the legal sufficiency
> of the complaint.   Courts should stay all discovery pending a ruling on a
> motion to dismiss a securities class action, except in the *exceptional
> circumstance* where particularized discovery is necessary to preserve
> evidence or to prevent undue prejudice to a party.

S. Rep. No. 104-98, at 14 (1995) (emphasis added).

Because, the Court has been called upon to consider, but has not yet ruled on, the

legal sufficiency of the amended complaint, discovery should be permitted at this stage in

the proceeding only if exceptional circumstances, such as the necessity to preserve

evidence or to prevent undue prejudice, exist.

## III.   ANALYSIS.

The plaintiffs in the present case ask that this Court lift the stay of discovery so that

they can obtain copies of the discovery produced in the Recoton bankruptcy litigation.

Specifically, the plaintiffs seek an order:

> (i) directing defendants to produce copies of the document and deposition
> discovery taken in compliance with the . . . order of the bankruptcy court . . .;
> and (ii) authorizing the issuance of document subpoenas (a) to the third
> parties who produced discovery to the Committee, pursuant to the Order, and
> (b) to the Committee itself.

Doc. No. 160 at 5.

It appears that the bankruptcy court permitted discovery in that litigation subject to the

express agreement that the discovery could not be made available to the plaintiffs in the

present case, as reflected in the court's opinion in *In re Recoton Corp.*, 307 B.R. 751, 754-

55 (Bankr. S.D.N.Y. 2004).   Specifically, the bankruptcy court noted that "the Committee

ha[d] agreed that disclosure will be kept confidential and will not be made available to the

class action plaintiffs." *Id*. at 759.[2]  The court's order provides, in relevant part, as follows:

> Nor is the Committee's Rule 2004 discovery unreasonable because there
> might be some overlap between the Florida class actions and issues raised
> in the bankruptcy proceedings.  Although the Committee admits that the
> existence of the class actions might have been a factor in the decision to
> undertake an investigation, the Committee has agreed that all Rule 2004
> discovery be subject to a protective order "prohibiting its use for any purpose
> whatsoever other than in connection with this bankruptcy proceeding and
> prohibiting its disclosure . . . to the plaintiffs in the [Florida class actions]."
> (Committee's Motion, p. 4-5.)  The Committee has represented that it seeks
> Rule 2004 discovery solely to obtain information on Committee (actually
> Debtor) claims, and the proposed protective order gives assurance that Rule
> 2004 discovery will not be used beyond the instant bankruptcy.  Moreover,
> there is no identity of subject matter between discovery in relation to the class
> action litigation pending in Florida and discovery in this bankruptcy
> proceeding.

*Id*. at 756.

Even if the discovery in the bankruptcy proceeding is not subject to a protective order

entered by the bankruptcy court, the plaintiffs have not established exceptional

circumstances supporting lifting the discovery stay. The defendants are under a duty to

preserve the information at issue and they are subject to sanctions should they fail to comply

with this obligation.  15 U.S.C. § 78u4(b)(3)(c).  The plaintiffs have not offered any reason

to believe that the information will be destroyed if not obtained by them at this time.  The

plaintiffs posit no colorable basis for concluding that they will suffer undue prejudice from the

---

[2] The "class action plaintiffs" referred to by bankruptcy court's order are the plaintiffs
in this action.

imposition of the stay of discovery in this matter.   Accordingly, the motion to lift the discovery stay is not well taken.

**DONE** and **ORDERED** in Orlando, Florida on January 25, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties